NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY C. GOSHA, an individual and together as husband and wife; KIT M. GOSHA, an individual, and together as husband and wife,<br><br>　　　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>BANK OF NEW YORK MELLON CORP., FKA Bank of New York, As Trustee (CWALT 2005-72), Delaware Corporation; et al.,<br><br>　　　　　　　Defendants-Appellees. | No. 17-35236<br><br>D.C. No. 3:16-cv-00073-BR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 18, 2017[**]

Before:　　WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Gary C. Gosha and Kit M. Gosha appeal pro se from the district court's

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment dismissing their action alleging federal and state law claims related to foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We may affirm on any basis supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

The district court properly dismissed the Goshas' claims arising from their contention that their mortgage lender was a non-existent entity because the note and trust deed unambiguously identified the lender and documents subject to judicial notice showed that the lender was registered in Oregon when the Goshas entered into their loan transaction. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (describing documents that a district court may take judicial notice of when ruling on a Rule 12(b)(6) motion); *Eagle Indust., Inc. v. Thompson*, 900 P.2d 475, 479 (Or. 1995) (absent ambiguity, "the court construes the words of a contract as a matter of law").

The district court properly dismissed the Goshas' claim for promissory estoppel because the Goshas failed to allege facts sufficient to show that Bank of America, N.A. made a representation reasonably expected to "induce action or forebearance on the part of [the Goshas]." *Cocchiara v. Lithia Motors, Inc.*, 297 P.3d 1277, 1283 (Or. 2013).

17-35236

Dismissal of the Goshas' Unlawful Trade Practices Act ("UTPA") claim arising from Bayview Loan Servicing, LLC's alleged misconduct during the Oregon Foreclosure Avoidance Program was proper because the Goshas failed to allege facts sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (explaining that "[a] pleading that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" is insufficient to survive a motion to dismiss (citation and internal quotation marks omitted)); *Feitler v. Animation Celection, Inc.*, 13 P.3d 1044, 1047 (Or. Ct. App. 2000) (elements of UTPA claim).

The district court did not abuse its discretion by denying the Goshas leave to file a third amended complaint because further amendment would be futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3                                                                17-35236